EDWARDS
*v.*
BODINE.

EDWARDS and another *v.* BODINE and others.

Items of damage allowed on a bond given under the 31*st rule*, on granting an injunction to restrain the sale of mortgaged premises.

*Oct.* 2, 1843.

*Injunction. Bond under the* 31*st rule. Damages. Practice.*

IN this suit, the injunction master, on allowing an injunction to restrain the defendants from proceeding to sell mortgaged premises under a decree of foreclosure, took from the complainants a bond with sureties, conditioned to pay to the parties enjoined such damages as they might sustain by reason of the injunction (according to the provisions of the 31st rule.)

The injunction not being sustained, the defendants obtained an order, referring it to a master to ascertain their damages by reason of the injunction.

The master, in addition to the loss of interest on the amount for which the property would have been sold and the taxable costs of the master who was to have sold the property and the expenses of advertising, &c., allowed, for the half commissions on the amount of the decree, twenty dollars for the services of the defendants in attending the sale and employing counsel to get the injunction dissolved, ten dollars to the defendants solicitor attending at the time of the intended sale, and one hundred dollars for counsel fees on procuring the dissolution of the injunction.

Exceptions were taken to the report.

Mr. *Van Cott*, for the complainants.

Mr. *Kinney*, for the defendants.

*July* 15, 1844.

THE VICE–CHANCELLOR :—The 31st rule, requiring a bond on the granting of an injunction was adopted in consequence of the occurrence of such cases as *The Cayuga Bridge Co.* v. *Magee*, 2 Paige's C. R. 116, and *Sullivan* v. *Judah*, 4 Ib. 444. It is to protect where the injunction suspends the prosecution of some work or keeps the party en-

joined out of the possession or restrains him from the enjoyment of property to which he is entitled and the temporary deprivation of which might cause him some actual loss or injury.

In this view of the object of the rule and of the bond, the defendants, in the present case, are entitled to recover all such damages as have resulted from or been consequent upon a suspension or delay of the sale of the mortgaged premises by means of the injunction; and which, but for such suspension or delay, would not have fallen upon the defendants.

Thus, the master's fees for drawing the advertisement of sale, attending the sale, drawing the terms of sale, and the expenses of advertising and posting notices of sale are properly chargeable as items of damage; because, in consequence of the stop put to the sale at that time, it falls upon the plaintiffs in the mortgaged suit and must be lost to them, unless, indeed, the property should afterwards sell for enough to pay these expenses together with the debt and costs. There is no proof that the property has produced or will produce enough for that purpose. The defendants are not, however, entitled to recover the master's charge of ten dollars for half commissions for the reason that the master is not entitled to that compensation in this case. It is not within *Rule* 124, regulating the allowance of commissions. The charge of one hundred and forty-five dollars and eighty-three dollars, for the use and occupation of the premises during the time of the suspension and delay of the sale, may properly be allowed as an item of damage or loss, unless, indeed, it had been made to appear that the whole of the mortgage debt, interest and costs had been or would be produced by a sale. So, likewise, the defendants might have claimed, as damages, any diminution or difference in the price of the property at the time of the sale and what it would have brought at the sale which was interrupted by the injunction. However, the defendants have waived, in the order of reference, any claim on that score; because, as I suppose, no difference in the price or loss on that account could be made to appear.

Then, as respects the solicitor's fee of ten dollars for at-

tending at the time and place appointed for the sale. It does not appear that the defendants were under any necessity to incur this expense; and, if they deemed the presence of their solicitor necessary at the sale, it is very certain they could not have expected his charge for attendance would have been reimbursed them by the complainants. There is no such fee taxable against the mortgagor or payable out of the proceeds of sale. Solicitors generally feel it to be their duty to attend the sales under decrees in their own suits where the sale takes place in the city or town in which they reside, without making an extra charge for it. At least, I have never understood that it is customary for them to make such a charge against their clients, and if made in any instance, it certainly must be borne by the client. I cannot consider this an item of loss or damage covered by the bond.

So, with respect to Mr. Van Pelt's charges for travel and attendance at the time of the proposed sale, and subsequently about consulting and employing counsel, amounting, altogether, to twenty-five dollars. I cannot believe that these fall within the bond. A party to a suit, as Mr. Van Pelt was, is never remunerated and never expects to be, by his adversary for trouble and expense of travel and attendance on courts or on counsel or at places where the business of the cause may call him. If the sale, in this instance, had not been prevented, his attendance would have been the same as it was and he would have got no compensation for his journey, from the mortgagors or out of the property—and there is no just reason why he should be allowed to receive it through the bond.

The two counsel fees of fifty dollars each, for procuring a dissolution of the injunction, stand on the same footing. Taxable costs, on such motions, are or may be awarded against the adverse party, but our laws have not provided for the recovery of counsel fees by one party to a suit against another; and I consider that the bond in question is not to be construed as applying to or covering such demands.

The utmost that the defendants are entitled to, by way of damages payable by the bond, will be: the master's costs and charges (excluding his half-commissions) amounting to

twenty-two dollars and thirty-five cents, and the one hun-
dred and forty-five dollars and eighty-three cents for use and
occupation, making together one hundred and sixty-eight
dollars and eighteen cents.

Order : that the master's report be modified and the excep-
tions taken thereto be so far allowed as to reduce the amount
of damages sustained by reason of the injunction to one
hundred and sixty-eight dollars and eighteen cents; and, on
payment of that amount, the bond to be cancelled—or, if
not paid within twenty days, that it be delivered over for
prosecution.    Each party to bear their own costs of the refer-
ence and of the hearing on the exceptions.(a)

(a) On an appeal from this order, the chancellor varied it so far as to
allow the counsel fees.   His Honor also observed, that the fees for services
in relation to the sale which the master would have to perform the second
time, in consequence of the sale being stopped, the expenses of re-advertis-
ing the mortgaged premises and so much of the taxable costs as was neces-
sary to obtain a dissolution of the injunction, were properly allowed by the
master as part of the damages sustained by the issuing of the injunction.