EDWARDS & EDWARDS *vs.* BODINE and others.

Upon a reference to a master, to ascertain the damages which the defendants had sustained, by reason of an injunction restraining them from selling mortgaged premises under a decree of foreclosure, in another suit, after the premises had been advertised for sale under such decree; *Held*, that the master's fees for services which had to be performed a second time, after the dissolution of the injunction, and the expense of re-advertising the sale of the mortgaged premises, were properly allowed, as a part of the damages sustained by the granting of the injunction.

*Held also,* that the taxable costs of the defendants, and the reasonable counsel fees, paid by them upon the application to dissolve the injunction, were a part of the damages sustained by them, in consequence of the granting of such injunction.

But the defendants against whom such an injunction has been granted are not entitled to an allowance for their personal services, in attending at the place where the premises are advertised for sale, and for the attendance of their solicitor at such place to advise them respecting the sale, as a part of the damages sustained by the granting of the injunction.

Where the sale of mortgaged premises, advertised for sale by a master under a decree of foreclosure, is suspended by an injunction, or by an order of the court, the master is not entitled to any thing by way of commissions, except the commissions upon the sale which is afterwards made.

The 31st rule of the court of chancery, requiring security to be given upon the granting of an injunction in certain cases, was intended to protect the defendant from any injury he might sustain by the allowance of an injunction; whether such injunction was erroneously allowed by the officer of the court, or was properly allowed by him, in consequence of an erroneous or partial statement, in the bill, of the real facts of the case. And the object of the reference to the master, to examine and report as to the damages, is simply to ascertain the amount thereof, according to the natural meaning of the condition of the bond.

THIS was an appeal by the defendants, the executors of Bodine, from an order of the vice chancellor of the first circuit, allowing in part the exceptions of the complainant to a master's report. The injunction master, upon the allowance of an injunction to restrain the defendants from proceeding to sell mortgaged premises, under a decree of foreclosure, took from the complainants a bond with sureties, conditioned to pay to the parties enjoined such damages as they might sustain by reason of the injunction, if the court should eventually decide that the complainants were not equitably entitled to such injunction. The injunction not being sustained, the appellants obtained an order referring it to a master to ascertain their damages by reason of the injunction, according to the provisions of the 31st rule of the court of chancery. The master, in addition to loss of interest upon the amount for which the property would have sold, and the taxable costs of the master who was to have sold the property, and the expenses of advertising, &c. allowed for half commissions on the amount of the decree; $20 for services of the defendants in this suit, and of the solicitor in attending the sale, and employing counsel to get the injunction dissolved, and $100

Edwards v. Bodine.

for counsel fees upon procuring such dissolution. The vice chancellor, upon exceptions to the report, disallowed the three last mentioned charges. From which decision of the vice chancellor the defendants appealed.

*F. S. Kinney*, for the appellants.

*J. Van Cott*, for the respondents.

THE CHANCELLOR. The master properly allowed, as part of the damages sustained by the issuing of the injunction, the fees for services, in relation to the sale, which the master would have to perform the second time in consequence of the sale being stopped, and also the expense of re-advertising the sale of the mortgaged premises. But the master is not entitled to commissions except where the property, which he is directed by the decree to sell, is actually sold by him. The vice chancellor has, therefore, properly disallowed the charge of ten dollars for half commissions. So much of the taxable costs of the defendants as was necessary to obtain a dissolution of the injunction, may also be properly considered as damages which they have sustained by reason of the injunction ; so as to enable them to recover those costs of the sureties, in the injunction bond, if they are unable to collect them of the complainants in the suit.

The language of the condition of the bond, and of the second clause of the 31st rule of this court, under which rule the bond in this case was taken, is undoubtedly broad enough to embrace the necessary counsel fees, which the defendants have been obliged to pay out in order to procure the dissolution of the injunction. For the necessity of paying such counsel fees is an actual damage which the defendants have sustained by reason of the injunction. Upon certain appeals to this court, and upon appeals from this court to the court for the correction of errors, the statute authorizes the appellate court, in its discretion, to award damages to the respondent upon affirming the decree, &c. for the delay and vexation caused by such appeal. (2 *R. S.* 618, § 35.) Under that statutory provision the court for the cor-

rection of errors has allowed to the respondent, in an appeal, a sum in damages to cover his extra counsel fees beyond the taxable costs. (*Boyd & Suydam* v. *Brisban*, 11 *Wend. Rep.* 529.) A similar allowance was made by the same court in the case of *Murray* v. *Mumford*, (2 *Cowen's Rep.* 400;) which was decided before the adoption of the revised statutes. If a court, having a mere discretionary power to allow damages upon appeals, can make such an allowance, as damages sustained by the respondent in consequence of the appeal, it appears to be the duty of this court to allow the counsel fees which the defendants have been compelled to pay in the present case. For here it is not a mere matter of discretion; as the condition of the bond is imperative, that the obligors in the bonds shall pay, to the parties enjoined, such damages as they may sustain by reason of the injunction. Under a covenant of warranty in a conveyance also, the grantee, who has been evicted, is allowed to recover, against his grantor, the necessary counsel fees which he has been compelled to pay in defending his title; as a part of the damages which the grantee has sustained by the breach of the covenant of warranty. (*Staats* v. *The Ex'rs of Ten Eyck*, 3 *Caines' Rep.* 118.) And I cannot discover any distinction, in principle, between that case and the one now under consideration. For if the extra counsel fees which the grantee had necessarily been compelled to pay in that case, in an unavailing attempt to defend his title, were a part of the damages occasioned by the breach of warranty, similar counsel fees, which these appellants were obliged to pay, in this case, to obtain a dissolution of the injunction, were a part of the damages which they sustained by reason of that injunction.

It is true, there are damages of a different description which the defendant usually sustains by the granting of an injunction which ought not to have been granted. And the principal object of the second clause of the 31st rule was to protect the defendant against such damages. So also in the case of the breach of warranty, the principal object of the covenant is to remunerate the grantee for the loss of his land, in case of eviction. And the necessary expenses of the defence in that case, and of the

Edwards *v.* Bodine.

proceedings to obtain a dissolution of the injunction in the case under consideration, are merely incidental to the main object, of the covenant of warranty in the one case, and of the condition of the bond in the other. The rule was intended to protect the defendant against any injury he might sustain, by the allowance of an injunction ; whether the injunction was erroneously granted by the officer of the court where the case made by the bill did not warrant its being issued, or was properly allowed by the officer, but upon a partial or erroneous statement of the real facts of the case. And the object of the court, in requiring a bond in such cases, will be best effected by giving to the language of the condition of the bond its natural sense ; which will cover the necessary costs and counsel fees to obtain a dissolution of the injunction, as well as the damages which the party enjoined has otherwise sustained during the time the injunction was in force. If it was a mere matter of discretion, I might not be disposed to allow the counsel fees as damages in the present case ; although the evidence before the master showed, without contradiction, that the amount paid was reasonable, and that the payment was necessary to obtain a dissolution of the injunction. But as they are clearly covered by the condition of the bond, I cannot disallow them without depriving the appellants of a legal right ; the object of the reference to the master being merely to ascertain the extent of the damage sustained, according to such condition. The decretal order of the vice chancellor upon the exceptions must, therefore, be so far modified as to allow the $100, charged for the extra fees to the two counsel, employed to argue the case upon the motion for a dissolution of the injunction.

The other charges, for the personal services, &c. of the parties in attending the sale and going to see and consult with counsel, and the charge of the solicitor for attending to advise them at the sale of the property, are not damages recoverable under the condition of the bond, and must be disallowed. Neither party is to have costs against the other, on this appeal.