By the Court.—Curtís, J.*
The complaint in this action, in addition to seeking relief by an injunction, also set up that the plaintiffs have been injured by the defendants’ acts and sustained damages to the extent of five thousand dollars, and demands judgment against the defendant to that amount.
It is clear that counsel fees are to be allowed when they have been incurred in a successful motion to dissolve the injunction (Coates v. Coates, 1 Duer, 664).
It also appears that reasonable counsel fees, and expenses paid in obtaining a final decision that the plaintiff was not entitled to the injunction, are proper items of damage to be allowed.
The question for consideration is, whether the counsel fees and costs paid by the defendant during the litigation including the trial, and which were allowed by the referee as damages by reason of the injunction, were paid in obtaining a decision that the plaintiff was not entitled to the injunction.
The pleadings and the evidence do not satisfactorily show that such payments were made in obtaining a dissolution of the injunction. The claim for damages made by the plaintiff was an element in the case, and which, irrespective of the demand for an in-' junction, has to be met, and prepared for. The pleadings in this suit and the defenses of it, so far as it appears in the present proceedings, involved other is *372 sues and controversies than what relate simply to the relief sought by way of injunction, and it is apparent that it was defended for other reasons than simply to procure a dissolution of the injunction order. The sums paid as counsel fees by the defendant, were not incurred in obtaining a dissolution of the injunction, but in the general defense of the suit. This does not bring them within the rule established in Coates v. Coates (1 Duer, 664). •
The referee does not find what the services of counsel, if any, in dissolving the injunction, were worth, nor what sums, if any, were paid for such services, nor does he find that any fees were paid them, as distinguished from-the general fees paid them for services in the general defense of the suit. Neither the referee nor the court have the evidence before them, that enbles them to decide what was actually paid by the defendant for services to obtain a dissolution of the injunction, and unless this does appear clearly, it seems to be settled, that the defendant cannot sustain a claim to be allowed this as damages (Strong v. De Forest, 15 Abb. Pr., 427; Town of Guilford v. Cornell, 4 Id., 220; Child v. Lyon, 3 Robt., 754; Wilde v. Joel, 15 How. Pr., 320; Edwards v. Bodine, 11 Paige, 223).
A departure from that rule might, in some cases, affect plaintiffs oppressively. There is no reason to think that it was the intention of the legislature that an unsuccessful plaintiff, because he had, as one branch of his relief, asked for an injunction, should, in addition to the payment to the defendant of the costs and allowances provided by the Code, be mulcted in the counsel fees paid in the general defense of the suit.
I concur in the views of the learned judge who made the order appealed from, and which should be affimed, with costs to the plaintiff.
Sedgwick, J,, concurred.

 Present, Cuetis and Sedgwick, JJ.