## James D. Lyon v. The City of Grand Rapids.

*Charter of Grand Rapids: City marshal: Taxes: Collector's fees.* Under the charter of Grand Rapids commissions or collector's fees upon local assessments, collected of tax payers by the city clerk after the rolls have been returned to him by the city marshal as uncollected after the expiration of the tax warrants attached to such rolls, do not belong to the city marshal, nor can they be said to be collected for his personal benefit so as to entitle him to recover the same of the city as money had and received to his use, etc.

*Construction of charter : Intent: Implications.* To authorize a construction of the charter which would support the claim of the city marshal to such fees, when collected by another officer after the rolls have left his hands, the intent to give such effect to the provisions of the charter should clearly and explicitly appear, and not be left to rest upon questionable implications.

*Charter construed: Descriptive expression: Implications.* The fact that the city clerk is required to collect and pay into the treasury, with the tax and interest, twenty-five cents on each parcel for clerk's costs, the expense of advertising, and "the marshal's fee for collection prescribed in the warrant attached to the roll," does not authorize the implication that the fees so collected were to belong to the marshal or to be collected for his use and benefit; this expression is here used for purposes of description and convenience merely, and not to denote any vested right or property relation of the marshal to such fees.

*Submitted on briefs July 24. Decided October 7.*

Case made from Recorder's court of Grand Rapids.

*Andrew T. McReynolds,* for plaintiff.

*J. W. Ransom* and *W. Wisner Taylor,* for defendant.

GRAVES, CH. J.

This is a case made after judgment in the recorder's court of the city of Grand Rapids.

The plaintiff was city marshal there for the official year which terminated in the spring of 1873, and during his term certain local assessment rolls were placed in his hands for collection. To each roll there was attached the mayor's warrant, authorizing the collection of four per cent. for collection fees. After the expiration of the warrants the rolls were respectively returned to the city clerk, with the marshal's certificate, showing certain specified assessments as

uncollected. On these assessments so returned as uncollected by the marshal, the clerk received of the delinquent tax payers an amount not given in the record, but which included seventy dollars and eight cents of the four per cent. allowance. The city refusing to recognize the plaintiff's right to this money, he brought his action for money had and received, to recover it, and the court below gave judgment in his favor.

The sole question in the case is whether this money, so collected and received, was in the nature of fees belonging to the marshal and received to his use, or was rightly money received to the use of the city, as against any title he is authorized to assert; and the answer to be given must be drawn from the provisions of the charter. Unless it appears from thence that he was entitled to the commissions on assessments he did not collect or receive, or have any thing to do with, but which were collected, received and receipted and accounted for by another official, there is no foundation for his claim. It must be admitted at once that the revised charter (*Laws of 1871, Vol. 2, p. 330*), nowhere, by any express regulation, gives countenance to the demand; and hence if any basis is found for it, it must rest on construction or implication. Is there any thing to warrant a construction or implication of the kind? As, by the express provisions of the charter, the duty and responsibility of receiving, receipting and paying in these items, which the marshal certifies his *inability to collect*, are cast absolutely on the clerk, we should naturally expect to find something very explicit, rather than questionable implications, if, after all, the legislature had in mind that the marshal might have the same commissions as are permitted to him when he himself actually collects and pays over, and where, in consequence, no other officer is burdened with the duty and responsibility. It could hardly have escaped the attention of the originators of the charter that if the marshal should be made entitled to the same commissions whether he collected or did not collect, provided the money should be

subsequently got in by another, the very regulation framed with the object to insure speedy and certain collections, would, in consequence of the feature in question, be likely to be perverted. It would naturally occur to any mind that such an arrangement would tend to foster an apathetic, if not a delinquent course by the marshal, and be apt to induce delay, if not loss, in getting in the taxes. Moreover, we cannot presume that the legislature would forget the strength of judicial indisposition to deduce from uncertain terms a purpose to draw money from the tax payers to go as a mere gratuity to an official, or infer a design to require the whole business in the particular matter to be performed by the clerk with no other or further pay than a trifling stipend, and at the same time, and in reference to the same business, to shower upon the marshal full commissions. The clerk, it will be noticed, is not supposed by any one to be entitled to a percentage in such cases, or to any thing beyond a small specified fee. Before acceding to the existence of regulations and distinctions so extraordinary, the reason for them ought to be clearly discerned. Recurring to the charter in the light of these observations, we find that in collecting city taxes at large the rolls are to lie twenty days to give tax payers a chance to make voluntary payment and save three-fourths of the four per cent. commission called " collectors fees," and that the collecting officers are allowed a fixed compensation of two dollars per day while employed during the twenty days. But in respect to taxes collected after the expiration of this period there is required to be collected of the tax payer the four per cent. *collector's fees.* Still, whatever is so collected, whether taxes strictly so called, or commissions, is absolutely required to be paid over to the treasury (§§ *3, 4, 5, 6, 7, 8, of Tit. 5*), and the per diem allowance and commissions on collections are made available to the officers only by orders issued by the common council.—§ *6 of Tit. 5.* The officers are forbidden to retain them. The services merely give rise to a valid and fixed claim against the city. No interest

results to the officers in the fund. No direct legal or equitable right of those who collect attaches to the items. The claim rests upon the right to be compensated for a service by an amount for which the law gives certain criteria, and it is not based upon any special legal or equitable relation to the specific fund. These collectors, whose compensation is thus specifically provided for, are to be *elected.*

The regulations respecting the gathering in of taxes for local objects of the class in question are in many respects similar to those before mentioned, but in others wholly different. When the roll is completed and confirmed, the clerk is to pass it to the city treasurer, and he is required to give public notice and hold it for twenty days to give opportunity for voluntary payments, and those paying within that period escape all collection charges. After the expiration of the twenty days, the treasurer must return the roll to the clerk, who in turn must report it to the council, and if it appear that any assessments remain unpaid, the council may in such manner as they see fit *determine the per cent. to be added thereto as collection fees;* and thereupon the mayor is required to attach his warrant, and the roll goes to the marshal for collection. That officer is then to proceed and collect what remains, together with the percentage, and the act marks out his course. He is required to pay over to the city treasurer *all sums* collected by him on the roll, and at the proper time to certify with the roll to the city clerk whatever assessments, if any, remain uncollected; and thereupon proceedings may be had for reassessment of the delinquent taxes by the supervisor, or for a sale of the land.—§§ *43, 44, 62, 63, 64, 65, 66, Tit. 6.*

When the latter direction is taken, as it was in this instance, the clerk, on receiving the roll from the marshal, is empowered and required at any time before sale to receive the several assessments the marshal failed to collect, together with the interest and costs, and these sums he so receives he is compelled to receipt and pay into the city treasury. The principal amount is made up of the tax and

interest upon it computed at fifteen per cent. from the *return of the roll by the marshal.* The costs to be exacted by the clerk and paid into the treasury with the tax and interest comprise twenty-five cents on each parcel for clerk's costs, the expense of advertising, " and the marshal's fee for collection prescribed in the warrant attached to the roll." —§ *65, Tit. 6.*

At this stage of the proceeding, and in regard to the particular transaction, the marshal, it will be perceived, as before suggested, neither performs any service nor incurs any responsibility. The whole business is for the time being out of his hands as completely as if he was out of office, and the entire fund received by the clerk, without respect to the name given to any part of it, is imperatively required to be paid into the city treasury. No distinction is ordered to be preserved among these items, or any discrimination directed to indicate the existence of separate and distinct interests.

The particular expression here used to describe the commission charge set down in the warrant, when prescribing the clerk's duty in regard to the items he should collect, seems to have been chosen for convenience merely, and not to denote that the marshal would have any vested right in the item, or any kind of property relation to it.

It was, perhaps, suggested by the circumstance that the previous provisions had authorized the council to add a percentage for collection fees in such cases, not as something to belong specifically to the marshal when collected by him, but as a rate to be collected by the city from the tax payers, as a proper collection charge, and hence conveniently distinguishable in this way. As the claim made by the marshal relates to a matter in which he renders no service, and takes no risk, and still seeks to found a right to commissions on inference, it is not wholly unimportant to inquire in regard to his allowance when he actually proceeds to sell the land for taxes. The law on that subject is express. It says: " the clerk and marshal shall

30 mich.—33.

each be entitled to receive twenty-five cents for each parcel of land sold in *full satisfaction* for the *service herein required of them* in *respect to the return, sale and redemption of said land, and the balance of said costs shall be paid into the city treasury.* All other expenses attending such sale shall be allowed and paid by the city council."— § *70, Tit. 6.* Here we notice that the right to any commission seems to be excluded, *although important services are rendered.* Was it intended that he should have commissions on collections by another and where he should perform no service, and should be denied them in cases where he should carry the proceedings to a sale? This would scarcely be expected. On the whole, I can discover no fair ground for contending, upon any part of the charter regulating proceedings in regard to taxes, or referring to the marshal's duties, that commissions collected by the clerk after the expiration of the warrant, are collected for personal benefit of the marshal, or for maintaining that their reception into the treasury affords him a basis for claiming in any form. Passing the various regulations which have been noticed, we observe that the marshal is not an elective officer, but is an appointee of the council, —§§ *1, 4, Tit. 2;* and that when not otherwise provided by law, the *compensation of officers appointed by the council* is to be *prescribed* by *that body.—Subdivisions 27 and 31, of* § *10, of Tit. 3.*

We do not understand the marshal as contending that the council have ever prescribed the commissions in question as something in the nature of compensation to him, unless their action in adding the percentage to the roll should, in view of the different provisions of the charter, be deemed to work that singular consequence. We have already stated that there is no express provision in his favor; and a careful comparison of the various regulations shows, not only, I think, that there is no sufficient ground for inferring the right he asserts, but, on the contrary, goes to establish a distinct negation upon it.—§ *169, Dil-*

*lon Mu. C.; Edwards v. Bodine, 11 Paige, 223; Vance v. Bank of Columbus, 2 Ohio, 214.*

Reaching this conclusion, there is no legal foundation for the action, and the judgment should be reversed, with costs.

The other Justices concurred.