MARY B. LYON AND OTHERS, EXECUTORS, ETC., OF LYMAN R. LYON, DECEASED, AND OTHERS, APPELLANTS, *v.* CHARLES W. HERSEY AND OTHERS, RESPONDENTS.

*Injunction — damages allowed upon its dissolution — what are to be included in them.*

After two motions to dissolve a temporary injunction granted in this action had been denied, a third motion was made to vacate it, but before the hearing thereof the parties appeared before the judge and consented that an order vacating it be entered.

Upon a reference to ascertain the damages sustained by the granting of the injunction:

*Held,* that the expenses incurred in the unsuccessful efforts to dissolve the injunction could not be allowed as part of the damages.

That the personal expenses of the defendants incurred in connection with the last motion to dissolve the injunction were properly included in the damages.

*Edwards* v. *Bodine* (11 Paige, 223) distinguished.

CROSS-APPEALS from an order of the Oneida Special Term modifying, and confirming as modified, the report of a referee appointed to ascertain the amount of damages sustained by the defendants by reason of the temporary injunction order granted herein.

*Charles D. Adams,* for the appellants.

*George W. Smith,* for the respondents.

SMITH, P. J.:

Soon after the injunction order was served an *ex parte* motion was made on the part of the defendants to vacate it, which was denied. Soon after, upon an order to show cause, another motion was made for the like purpose, which also was denied, and the undertaking given

was increased by order of the court from $2,000 to $6,000. Later the defendant prepared new motion papers and obtained a second order to show cause why the injunction order should not be vacated, but before the hearing the parties appeared before the judge and consented that the injunction order be set aside, and an order to that effect was made accordingly. The referee reported that the defendants were entitled to $450 counsel fee, and $203.05 personal expenses of the defendants in contesting the injunction and procuring its dissolution. The Special Term held that the defendants were not entitled to recover their expenses of their unsuccessful motions to dissolve the injunction, and on that ground reduced the foregoing items to the expenses incurred in the last motion only. That decision was right, the rule being that expenses incurred in an unsuccessful effort to dissolve an injunction are not allowable as damages. (*Randall* v. *Carpenter*, 88 N. Y., 293.) An exception is made when the motion is denied, not on the merits or for irregularity, but for the reason that the court in its discretion thinks it advisable to defer the inquiry into the merits until the final hearing. In that case, if the defendant succeeds, the expenses of the motion and also counsel fees upon the trial are proper items of damages. (*Andrews* v. *The Glenville Woolen Company*, 50 N. Y., 282.)

We think the objection made by the plaintiffs to the allowance of the personal expenses of the defendants, in connection with the last motion to dissolve the injunction, is not well taken. They are a part of the damages necessarily resulting from the injunction. The case of *Edwards* v. *Bodine* (11 Paige, 223), cited by the plaintiffs' counsel, does not sustain his position, the item there disallowed being for the personal service of the party, and not his expenses.

We have examined the evidence bearing on the items of damage allowed by the referee and the Special Term, growing out of the suspension of work caused by the injunction on the part of the defendants and their several contractors and sub-contractors in getting out bark for the use of the defendants' tannery, and we think it justifies such allowances. We think, also, that the allowances last mentioned are proper items of damage, directly resulting from the injunction order, and there is no evidence that the defendants, by any reasonable effort on their part, could have prevented such damages or lessened their amount.

We are of the opinion, on a careful review of the record book, that none of the objections on either side to the decision at Special Term are well taken, and that the order appealed from should be affirmed, without costs of this appeal to either party.

HARDIN and BARKER, JJ., concurred.

So ordered.