Judgment reversed, new trial ordered, costs to appellants to abide ·event.

---

NEW YORK SECURITY AND TRUST COMPANY, Respondent, *v.* ERNEST LIPMAN and Others, Defendants ; B. W. BLYDENSTEIN and Others, Impleaded, etc., Appellants.

*A decision and judgment of one Special Term cannot be vacated by another — undertaking given upon the issuance of a temporary injunction — determination of the right of damages thereunder.*

A judge sitting at Special Term cannot, on a motion, upon the allegation that another judge at Special Term has erred as to any of the questions submitted for his determination, set aside his decision and the judgment entered thereon.

The final outcome of a suit, and not the order vacating a temporary injunction granted therein, determines the right to damages under an undertaking given upon the obtaining of a temporary injunction.

APPEAL by the defendants, B. W. Blydenstein and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of October, 1894, denying the appellants' motion for a reference to assess damages on an injunction bond and for an amendment of the judgment rendered in the action.

*Antonio Knauth,* for the appellants.

*Howard A. Taylor* and *Edward I. Sanford,* for the respondent.

O'BRIEN, J. :

The defendants B. W. Blydenstein & Co. made a motion to modify a judgment entered in the above-entitled action, and for a reference to assess their damages suffered by an injunction issued against them. The action was one in equity, brought to determine the respective rights and titles of the plaintiff trust company and the various defendants, among them Blydenstein & Co., all claiming an interest in the proceeds of some or all of 200 bales of burlaps in the possession of the trust company and sold by it.

The trust company had agreed that certain of the defendants, including Blydenstein & Co., should be held subject to the same rights as the claimants would have had in the bales themselves. An accounting and marshaling of these proceeds among the claimants was a part of the relief demanded in the complaint, also an injunction restraining all of the defendants from litigation with the trust company over their respective rights in these bales or their proceeds in any other action. A temporary injunction was granted against the defendants, from which an appeal was taken by Blydenstein & Co., and the order of injunction was reversed, which reversal was subsequently affirmed by the Court of Appeals. Blydenstein & Co. were, therefore, at liberty to and did pursue their action at law in the United States court against the trust company for the conversion of the number of bales of burlaps claimed by them, but upon the trial their complaint was dismissed upon the merits, from which Blydenstein & Co. have taken an appeal. The judgment in the Federal court was offered in evidence in this action, which, in effect, held that they had no claim against the trust company at common law. They not having appeared, the judgment in this

action directed that their share of the proceeds of the burlaps, after paying the trust company, should be paid over to a receiver, with leave to them to recover the same, and permanently enjoining them from pursuing any further remedy as against the trust company. The motion to modify the judgment and for a reference to assess the damages was made before a judge other than the one whose judgment was sought to be modified.

As said in the case of *People v. Nat. Trust Co.* (31 Hun, 20), would justify the order appealed from. It was therein said : " * * * 'It would be a very unwise administration of justice and lead to much vexatious litigation if a judge holding one Special Term could, upon a mere motion, set aside the decision and judgment of another judge at Special Term, upon allegations that the latter had erred as to any of the questions submitted for his determination.' "

As the judgment stood, therefore, finally determining that the plaintiff was entitled to an injunction, no liability on the undertaking could arise with such judgment standing in force and effect, because the condition of such undertaking is that the damages are not to be payable unless " the court finally decides that the plaintiff was not entitled " to the injunction. The rule that the final outcome of the suit, and not the order vacating the temporary injunction, determines the right to damages under the undertaking is well settled. (*Methodist Churches v. Barker,* 18 N. Y. 463 ; *Musgrave v. Sherwood,* 76 id. 194 ; *Palmer v. Foley,* 71 id. 106.)

We think, therefore, that the order was right and should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., and PARKER, J., concurred.

Order affirmed, with ten dollars costs and disbursements.