(42 Misc. Rep. 585.)

McGOWN et al. v. BARNUM et al.

(Supreme Court, Special Term, New York County.  February, 1904.)

1. INJUNCTION—DISMISSAL—REFERENCE—DAMAGES.

Where plaintiffs voluntarily dismiss an action in which a temporary injunction has been obtained, it is a determination that they were not entitled to the injunction, and an order of reference should be made to determine the damages suffered under the undertaking given.

2. SAME.

Where an injunction is obtained, and defendants have moved to have it vacated, which motion was denied, and thereafter plaintiffs voluntarily dismiss, defendants are not barred from an order of reference to determine the damages.

3. SAME—COUNSEL FEES.

Where defendants have unsuccessfully moved to vacate an injunction, on subsequent voluntary discontinuance they are entitled to recover counsel fees.

Action by David J. McGown and others against Curtis Barnum and others.  Motion for reference.

Clarence L. Barber, for plaintiffs.
Carlton B. Pierce, for defendants.

CLARKE, J.   Motion is made for an order of reference to determine the amount of damages suffered by defendants by reason of an injunction pendente lite issued herein.   The action is by judgment creditors and their receiver in proceedings supplementary to execution against the judgment debtor and others.   The original complaint demanded that part of a trust fund in which the defendant judgment debtor had an interest in remainder be declared the property of the plaintiffs, that the trustee account for waste of the trust fund, and that plaintiffs be permitted to set off certain judgments for costs recovered against them in previous litigation, and prayed for an injunction prohibiting defendants from collecting said judgments.   The defendants demurred to the complaint, and, although the demurrer was sustained, plaintiffs were permitted to serve three amended complaints dividing the original action into three actions—one to determine the interest of the plaintiffs in the trust fund, a second for an accounting by the trustee, and a third for set-off and injunction.   The injunction pendente lite in question was issued in the original action, directing that "all proceedings for the collecting of said judgments and order be stayed during the pendency of this action, or until the further order of the court."   The condition of the undertaking is in the usual form that the sureties will pay the damages suffered by reason of the injunction "if the court finally decides that the plaintiffs were not entitled thereto."   The defendants made three unsuccessful motions to vacate this injunction.   They then brought action against the sureties on the appeal bonds given in previous litigation, and collected the amount of the judgments which plaintiffs sought to set off.   The plaintiffs thereupon obtained an order discontinuing and dismissing the action for set-off and for injunction.   The making of this order

was opposed by the defendants on the ground that they were entitled to have an adjudication that the temporary injunction restraining the collection of the judgments for costs should not have been granted. The plaintiffs now oppose this motion for a reference to determine the damage suffered by reason of the injunction on the grounds that there has been no determination by final judgment that plaintiffs were not entitled thereto, and that the defendants, have not suffered any damages by reason thereof. It is true that there must be a determination that plaintiffs were not entitled to the injunction before a reference will be ordered. Johnson v. Elwood, 82 N. Y. 362; Musgrave v. Sherwood, 76 N. Y. 194; Palmer v. Foley, 71 N. Y. 106. But it has been repeatedly and expressly held that "discontinuing the action without the consent of the defendant and against his opposition is, in legal effect, a determination that the plaintiff was not entitled to the preliminary injunction." Perlman v. Bernstein, 83 App. Div. 205, 82 N. Y. Supp. 148; N. Y. C. & H. R. R. Co. v. Village of Hastings on Hudson, 9 App. Div. 256, 41 N. Y. Supp. 492. If, therefore, the original action had been thus discontinued, such determination would have entitled defendants to the reference. In this case the original action was severed into three. The action for set-off and injunction has been discontinued and dismissed without consent of defendants and against their opposition. The temporary injunction enjoined collection of the judgments which plaintiffs desired to set off. The right to the injunctive relief therefore depended entirely upon the right to set off. The plaintiffs have abandoned their demand for a permanent injunction and to set off by voluntarily discontinuing, and, as such discontinuance was without defendants' consent, it is, under the authorities, in effect a determination that plaintiffs were not entitled to the injunction. The determination of the actions for an accounting and to obtain plaintiffs' interest in the trust fund would not assist in determining whether plaintiffs were entitled to the injunction. That question is dependent entirely upon the action which has been discontinued by the plaintiffs. This case is not within the exceptions to the general rule as to discontinuance without consent set forth in the cases cited by the plaintiffs. It does not here appear clearly that the injunction was properly granted at the time (N. Y., W. S. & B. R. Co. v. Omerod, 29 Hun, 274; Taylor Worsted Co. v. Beolchi, 37 Misc. Rep. 691, 76 N. Y. Supp. 379), nor that other equitable relief has been granted plaintiffs, and that the question as to the right to injunction was not passed upon. Benedict. v. Benedict, 15 Hun, 305, affirmed 76 N. Y. 600. Nor does the fact that defendants were unsuccessful in their attempts to have the injunction vacated bar them from obtaining the order prayed for. The final outcome of the suit, and not the orders entered upon motions to vacate a temporary injunction granted therein, determines the right to damages under an undertaking given upon the obtaining of a temporary injunction. New York S. & T. Co. v. Lipman, 83 Hun, 569, 32 N. Y. Supp. 65.

It only remains to inquire whether plaintiffs have suffered any damage. In Tyng v. American Surety Co., 174 N. Y. 168, 66 N. E. 669, Judge Gray says on the subject of damages because of an at-

tachment, where the condition of the undertaking is the same as upon injunction:

"That counsel fees are within the language of such an undertaking does not admit of doubt, and the justification of the defendant in the attachment action in employing counsel to vacate the attachment was shown by the result of the trial. The order which eventually denied the application to vacate the attachment may have been discretionary, and with the intention of deferring the whole matter until the final hearing and determination of the issues. However that may be, if the defendant in the attachment action was in her right in employing counsel to set aside the attachment—as the result of the trial proved—it logically followed that she was damaged by reason of the attachment to the extent of the reasonable counsel fees she was compelled to pay. Ball v. Gardner, 21 Wend. 270; Northrup v. Garrett, 17 Hun, 497; Cowen's Treatise, § 839. By analogy of reasoning, cases arising· upon undertakings given upon the granting of injunctions are applicable. Edwards v. Bodine, 11 Paige, 223; Andrews v. Glenville Woolen Co., 50 N. Y. 282, 287; Rose v. Post, 56 N. Y. 603; Corcoran v. Judson, 24 N. Y. 106, 109."

In the case before me it appears that defendants made several motions to vacate the injunction, and they are entitled to an order of reference to determine the reasonable counsel fees paid, even though they may have suffered no other damage by reason of the injuncticn. Motion granted, but without costs.

Motion granted, without costs.