(115 App. Div. 15)

SLINGERLAND v. ALBANY TYPOGRAPHICAL UNION NO. 4 et al.

(Supreme Court, Appellate Division, Third Department.   September 26, 1906.)

INJUNCTION—DAMAGES—TIME FOR REFERENCE.

> Under Code Civ. Proc. § 620, requiring an undertaking, on an injunction being ordered, by the party applying therefor, that he will pay the party enjoined damages sustained by him by reason of the injunction, if the court "finally decides that plaintiff was not entitled thereto," it is premature to order a reference to ascertain such damages on the mere vacation of the temporary injunction.

Appeal from Special Term, Rensselaer County.

Action by Cornelius H. Slingerland against the Albany Typographical Union No. 4 and others.   From an order directing a reference to ascertain the damages sustained by defendant union by reason of an injunction theretofore granted, plaintiff appeals.   Reversed.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Arthur Helme, for appellant.

Joseph A. Lawson, for respondents.

COCHRANE, J.   This is an action to restrain the defendants from interfering by intimidation or force with the employés of the plaintiff, from picketing the establishment of the plaintiff, and from inducing persons by intimidation or force not to enter plaintiff's employment.   Pending the action an order was made enjoining the defendants from the acts above mentioned and directing them to show cause at a Special Term why the injunction should not be continued.   On the return of the order to show cause, the Special Term denied the motion and vacated the injunction theretofore granted.   Thereafter the order appealed from was made, directing a reference to ascertain and determine the damages sustained by the respondent by reason of said injunction.   On procuring such injunction plaintiff gave the undertaking required by section 620 of the Code of Civil Procedure.   The action is still at issue undecided.

The right to damages by reason of the injunction depends on said section 620 of the Code of Civil Procedure, which awards damages only when "the court finally decides that the plaintiff was not entitled" to the injunction.   It is settled that the final decision thus referred to is the final outcome of the action, and not the order vacating the temporary injunction.   New York Security & Trust Company v. Lipman, 83 Hun, 569. 32 N. Y. Supp. 65; Musgrave v. Sherwood, 76 N. Y. 194; Methodist Churches of New York v. Barker, 18 N. Y. 463. In the case last cited it was said:

> "The injunction, it is true, was dissolved before the judgment dismissing the complaint.   But the order of dissolution was not in its nature a final de-

termination that the plaintiff in the suit was not entitled to the injunction. An order, made pending a suit, dissolving a temporary injunction, by no means determines that the party in whose favor it has been granted may not be entitled to that relief at the final decision of the cause. It may be dissolved for irregularity, or because the case is badly stated in the complaint, or upon the answer of the defendant and affidavits; and yet, at the final hearing, it may be decided that the defendant ought to be enjoined. In most cases, therefore, if not in all, a reference ordered before judgment, to ascertain the damages to be recovered upon the undertaking or security, would be premature."

It follows that the order of reference was prematurely granted.

The order must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.