LOCKWOOD'S DOLLAR CLEANERS, INC., Plaintiff, *v.* CHARLES A. LOCKWOOD and Another, Doing Business under the Firm Name and Style of "SILVER DOLLAR DRY CLEANERS," Defendants.

Supreme Court, Chemung County, June 30, 1930.

*Mandeville, Waxman, Buck, Teeter & Harpending,* for the plaintiff.

*McDowell & McDowell,* for the defendants.

RHODES, J. Plaintiff brought suit for a permanent injunction restraining defendants from carrying on a dry cleaning business in competition with plaintiff, and procured a temporary injunction restraining the defendants, pending trial, from such competition. On motion of defendants, the temporary injunction was dissolved as to the defendant William D. Lockwood, but was continued as to the defendant Charles A. Lockwood. The defendants' attorneys insist that the order dissolving such temporary injunction as to William D. Lockwood should contain an award to him of damages sustained by the issuance of said temporary injunction.

Plaintiff opposes the awarding of damages at this time upon the theory that it has not been finally determined whether or not plaintiff is entitled to an injunction against said defendant William D. Lockwood. In this I think the plaintiff is clearly right. (See *Palmer* v. *Foley,* 71 N. Y. 106; *Drummond* v. *Husson,* 14 id. 60; *Lawton* v. *Green,* 64 id. 326; *Methodist Churches of New York* v. *Barker,* 18 id. 463; *Musgrave* v. *Sherwood,* 76 id. 194; *New York Security & Trust Company* v. *Lipman,* 83 Hun, 569; *Brown* v. *Utopia Land Co.,* 118 App. Div. 190; *McGown* v. *Barnham,* 42 Misc. 585; *Leggett* v. *Dubois & Walton,* 1 Paige Ch. 574; *Slingerland* v. *Albany Typographical Union,* 115 App. Div. 15.)

The defendants cite and rely upon the cases of *Coates* v. *Coates* (1 Duer, 664); *Fitzpatrick* v. *Flagg* (12 Abb. Pr. 189); *Edwards* v. *Bodine* (11 Paige, 223); *Aldrich* v. *Reynolds* (1 Barb. Ch. 613); *Wilde* v. *Joel* (15 How. Pr. 320, 323); *Northrup* v. *Garrett* (17 Hun, 497); *Corcoran* v. *Judson* (24 N. Y. 106); *Hovey* v. *Rubber Tip Pencil Co.* (50 id. 335); *Andrews* v. *Glenville Woolen Co.* (Id. 282); *Rose* v. *Post* (56 id. 603); *Olsen* v. *U. S. Fidelity & Guaranty Co.* (230 id. 31).

I think it will be found, however, that these cases cited by the defendants simply decide that the damages of the defendant, when he is entitled thereto, would include expenses incurred on an application to dissolve the temporary injunction. The case of *Olsen* v. *U. S. Fidelity & Guaranty Co.* (*supra*), cited by the defendants, points out that a defendant in an injunction action cannot recover on the undertaking, as damages caused by the injunction, his expenses in defending the action when he could have freed himself from the injunction by a simple motion; that if he could have secured relief by motion, it was his duty to do so rather than increase the damages to be charged to the undertaking by the more expensive process of prolonged litigation and trial. While it is true that it was the duty of the defendant in the case at bar to seek by motion

to have the preliminary injunction dissolved, nevertheless, the question has not been finally determined as to whether or not ultimately an injunction shall issue against him. If defendant finally succeeds, he will be entitled to his damages which will include expenses incurred in procuring the dissolution of the temporary injunction, but such damages are not to be awarded until the issues are finally decided and it is then determined whether or not the defendant is entitled to any damages whatever.

The order dissolving the temporary injunction as to said William D. Lockwood should, therefore, not contain an award of damages to said defendant.