Fannie E. Musgrave, Respondent, v. John H. Sherwood, Appellant.

Where, in an action in which a preliminary injunction was issued, judgment was rendered in favor of defendant, and plaintiff duly appealed therefrom, giving the proper undertaking : *Held*, that defendant was not entitled, pending the appeal, to an order to assess his damages by reason of the injunction ; as there was no final decision that plaintiff was not entitled thereto. (Old Code, § 222 ; New Code, § 620.)

(Argued January 28, 1879 · decided February 11, 1879.)

Appeal from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, denying a motion on the part of defendant to assess his damages, by reason of two preliminary injunctions issued herein.

Upon decision of the court, on trial of the action at Special Term, judgment was perfected March 14, 1878, in favor of defendant dismissing plaintiff's complaint, with costs. Plaintiff served notice of appeal therefrom April 6, 1878, and on April 23, 1878, after service of notice of the motion for a reference, duly executed, filed and served the proper undertaking required to perfect the appeal.

*B. F. Lee*, for appellant. The judgment heretofore rendered in this action was a final determination of the rights of the parties. (*Mora* v. *Sun Mut. Ins. Co.*, 13 Abb., 304; *Chamberlain* v. *Dempsey*, 36 N. Y., 144; *Kirby* v. *Fitzpatrick*, 18 id., 484; *Masserve* v. *Sutton*, 3 id., 546.)

*Miles Beach*, for respondent. The order of the General Term was a discretionary order and not appealable to this court. (*Anon.*, 4 How. Pr., 80.) The judgment at Special Term was not a final decision under the Code. (*Curtis* v. *Stilwell*, 32 Barb., 354; *Shearman* v. *N. Y. C. Mills*, 11 How. Pr., 271; *How* v. *Seering*, 6 Bosw., 684.)

*Per Curiam.* Each of the undertakings given by the plaintiff provided for the payment to the defendant of such damages as he might sustain by reason of the injunction, if the court should finally decide that the plaintiff was not entitled thereto.

The decision of the Special Term, if allowed to stand, was a determination of the case. But when an appeal was perfected by the execution of the bond required by the Code, the final decision was postponed until that appeal was decided. In the meantime, the defendant has no claim to an order of reference to assess the damages. The plaintiff having appealed, and executed the proper undertaking, it cannot be claimed that there has been a final determination of the cause. (*Palmer* v. *Foley*, 71 N. Y., 106.) It still remains undetermined, and the final result cannot be known until the appellate tribunal has passed upon the case.

None of the authorities cited by the appellant's counsel hold that when an appeal has been taken, an order of reference may be entered, to assess damages arising from an injunction. (*Methodist Churches of New York* v. *Barker*, 18 N. Y., 463 ; *Parke* v. *Musgrave*, 6 Hun, 223 ; *Lawton* v. *Green*, 64 N. Y., 326; *Disbrow* v. *Garcia*, 52 id., 654.) Cases may arise where it would be the duty of the court to order a reference. But any general rule different from that stated would lead to great inconvenience. A reference ordered to ascertain the amount of damages would create large expense, and be of no avail, if the judgment was finally reversed. It would, indeed, be somewhat unusual, under ordinary circumstances, that the execution of the judgment should be stayed and, at the same time, a

proceeding going on for the assessment of damages, which perhaps might be collected pending the appeal, or if not collected, and the judgment was reversed, the proceeding would be of no avail.

The defendant is secured by the undertakings given before the injunction, and usually can suffer no loss by waiting until the decision of the case, before proceeding to assess his damages.

The Special Term was right in denying the motion; and the order appealed from must be affirmed, with costs.

All concur.

Order affirmed.