STEPHEN C. JOHNSON, Appellant, *v.* ALEXANDER ELWOOD, LYDIA ELWOOD, Administratrix, etc., Respondent.

In an action to restrain defendant from entering upon certain lands and cutting timber, etc., a temporary injunction was granted; this was dissolved by stipulation on the termination of another suit determining the title to the land. After this defendant died; on motion of his administratrix an order was granted requiring plaintiff to elect whether or not he

would continue the action against her, and subsequently, upon her motion, the action was discontinued and judgment entered accordingly. *Held*, that an order of reference to ascertain damages by reason of the injunction was improperly granted ; that as the action abated upon the death of the defendant, and the cause of action did not survive, the court had no authority to direct a discontinuance.

Also, *held*, that there was no breach of the condition of the undertaking, which provided for the payment of damages in case the court should finally decide that plaintiff was not entitled to the injunction, as there had been no such decision.

*Johnson* v. *Elwood* (15 Hun, 14), reversed.

(Argued October 5, 1880; decided October 15, 1880.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, affirming an order of Special Term, which granted a reference to ascertain the damages sustained by defendant by reason of a temporary injunction granted herein.    (Reported below, 15 Hun, 14.)

This action was brought to restrain the defendant from entering upon certain land to which plaintiff claimed title, and from cutting timber, or from otherwise injuring or intermeddling therewith.

The provisions of the injunction order and the facts are set forth substantially in the opinion.

*Samuel Hand* for appellant.    This action completely abated by the death of the defendant before any trial had been had, in that the cause of the action did not survive or continue. (Code of Civ. Proc., § 765; 5 Abb. 351, 357; 1 Comst. 163; 7 How. 31; 11 Abb. 105; 10 How. 70; id. 1, 9, 10, etc.; 40 N. Y. S. C. 316; 5 Hun, 209; Wait's Pr. 152–3; 4 Mass. 480; 14 How. 71; 1 Cowp. 371–5; 1 Johns. 401–2.)    The motion made on behalf of Lydia Elwood, as administratrix, that the action be continued against her as defendant therein, did not empower the court to compel or direct the plaintiff to continue the action against her, as such motion was not made within one year after the death of the defendant. (Code of Civ. Proc., § 757.)    The order should have directed that the action be deemed abated.    (2 Wait's Pr. 1025; Code of Civ. Proc., §

761.) The order of Special Term granting a reference in this action, and the order affirming that order, were unauthorized. (2 Wait's Pr. 205, note *a.*, Abatement; 10 Abb. 371; Bouvier's Law Dict. 15; Old Code, 18, § 2; 39 N. Y. 506; 11 How. 269; 4 Bosw. 655; 7 Abb. [N. S.] 37; 71 N. Y. 106; 76 id. 194, 600; 56 id. 614; *Drummond* v. *Husson*, 14 id. 60; 8 Hun, 46, 49; 2 Johns. Ch. 272, 274, 276; 71 N. Y. 112.)

*Charles J. Buchanan* for respondent. The injunction having been dissolved, and the action being discontinued, defendant or his personal representatives are entitled to a reference to ascertain the damages occasioned by the injunction. (Code, § 623; *Jacobs* v. *Miller*, 11 Hun, 441; *Johnson* v. *Elwood*, 15 id. 14; *Leavit et al.* v. *Dabney*, 40 How. 277; *Carpenter* v. *Wright*, 4 Bosw. 655; *Steamship Co.* v. *Leuling*, 7 Abb. [N. S.] 37.) An intermediate order can only be reviewed upon an appeal from a final judgment. (Code of Civ. Proc., § 1301.)

MILLER, J. This appeal arises upon an order affirming an order, made on motion of the administratrix of the original defendant, granting a reference to ascertain the damages sustained by reason of an injunction granted restraining such defendant, who is deceased, from entering upon certain lots of land in the county of Delaware, and from cutting down timber or otherwise injuring said lots, or intermeddling with the same. The injunction was dissolved by stipulation upon the termination of another suit involving the title to the premises, and after this, and in 1875, the defendant died. In 1877 an order was made, on motion of the defendant's administratrix, that the plaintiff elect and give notice whether he will continue the action against her by a supplemental complaint. A motion was then made that the complaint be dismissed, and an order was granted that the action be discontinued without costs to either party. Judgment of discontinuance was entered accordingly and the order of reference granted from which this appeal is taken. The court is asked to review some other orders made in the action, but we think that as no appeal is taken

from such orders, we must be confined to a consideration of the one which is now before us.

The plaintiff claims that no order of reference could be made in this case, for the reason that the action abated in consequence of the death of the defendant before any trial, and that the cause of action did not survive. It is evident that if the plaintiff had succeeded in maintaining a right to the injunction order after the defendant's death, no judgment could have been entered against the defendant; nor is it apparent in what manner his representatives could have been restrained in this action. The acts of the defendant, in interfering with the lots in question, were of a character purely personal to himself, and the restraint upon him by injunction was at an end upon his decease, and the maxim, *actio personalis moritur cum persona* applies. As the action became abated and did not survive upon the death of the defendant against his heirs or representatives, there was no authority in the court to direct its discontinuance or to make any other order than that it be deemed abated by such death. It follows, from what has already been remarked, that the order of reference to ascertain the damages cannot be sustained without a violation of a well-settled and sound rule of law, and it would, therefore, be impossible to continue the action for any purpose.

There is another difficulty in upholding the order of reference in this case. The undertaking provides for the payment of damages in the event, only that the court shall finally decide that the plaintiff was not entitled to the injunction. There has been no breach of the condition in this respect, and no final determination which warrants a reference to compute the amount of damages. In *Palmer* v. *Foley* (71 N. Y. 106), the defendant had consented to a discontinuance, and that an order to that effect might be entered, which was done; and it was held that this was not equivalent to a final decision of the court and there was no breach and no right of action, and that an order of reference to ascertain damages was improperly granted. It was laid down that there was no judicial determination or opinion given upon the merits of the action, or the right of

the plaintiff in the action to the injunction at the time it was granted, and that it was never finally determined by a judicial decision. An amicable and voluntary agreement to discontinue was not enough. This case is directly in point, and the granting of the order discontinuing the action because the plaintiff failed to proceed, as required by a prior order, is not sufficient to establish that there was a decision. (*Musgrave* v. *Sherwood*, 76 N. Y. 194; *Benedict* v. *Benedict*, id. 600.)

It does not alter the case because the injunction was dissolved, or that in another action the court held that the plaintiff has no title to the premises; and it is a sufficient answer to the application, to ascertain the damages, to say that there has been no determination in this case as to the right of the plaintiff to the injunction originally.

For the reasons stated, the orders of the Special and General Terms must be reversed.

All concur. FOLGER, Ch. J., and RAPALLO, J., concurring on first ground.

Orders reversed.