CHARLES STORRS AND AUGUSTUS STORRS, RESPONDENTS, *v.* JAMES N. PLUMB, APPELLANT, IMPLEADED WITH ANDREW M. FANNING, SURVIVORS, ETC.

*Bankruptcy — the right of a creditor to sue the bankrupt revives immediately after a judgment denying his application for a discharge — it is not suspended by an appeal by the bankrupt from the judgment denying his application.*

The right of a creditor of a bankrupt to maintain an action against him revives immediately upon the rendition of a judgment by a United States District Court, denying the bankrupt's application for a discharge, and the right to bring and maintain such action is not suspended by the fact that the bankrupt has filed a petition to review the said judgment in the United States Circuit Court, and that the proceedings for such review are still pending.
*Musgrave* v. *Sherwood* (76 N. Y., 194), distinguished.

APPEAL from a judgment in favor of the plaintiffs, entered by direction of the court upon a trial at circuit.

*J. K. Hayward*, for the appellant.

*G. A. Seixas*, for the respondents.

DAVIS, P. J.:

All the questions presented on this appeal are disposed of by the decision of this court in *Rosenthal* v. *Plumb* (25 Hun, 336), except one.

The question undisposed of related to the effect of a petition of review brought by the bankrupt to the United States Circuit Court,

after the judgment of the District Court had been rendered refusing such bankrupt a discharge. This action was brought to recover an indebtedness of the appellant to the respondent.

The appellant pleaded as a defense the statute of limitations. In avoidance of this plea it was shown upon the trial that proceedings in bankruptcy against the appellant had been pending for a considerable period, during which the respondent's right of action was, by operation of the bankruptcy act of the United States, suspended until the decision of the District Court of the United States by which a discharge of the appellant in bankruptcy was refused. To this it was shown as an answer that after the judgment of the District Court, and in due time, the appellant filed his petition of review in the United States Circuit Court, and that the proceeding for such review was still pending; and he claimed, therefore, that the right to bring and maintain the action was thereby still suspended until the decision of the United States Circuit Court affirmed or reversed the judgment of the District Court. The power to grant or refuse a discharge in bankruptcy is, or rather was, by the bankruptcy act wholly vested in the District Court, and on filing a petition of review after judgment by that court the Circuit Court upon the hearing of such petition, certified simply to the District Court the result. If the result was an affirmance, that was the end of the proceeding. If it was a reversal, the District Court was then to proceed and determine the case according to the certified directions of the Circuit Court. (See U. S. Circuit Court Rules, p. 77; *Clark* v. *Bininger*, 3 B. R., 121, 122.) Notwithstanding this right of review by the appellate court, the judgment of the District Court was in every sense of the term a final one. The District Court had complete and full jurisdiction of the subject-matter, and of the person of the bankrupt, and power to render a final and conclusive judgment. That judgment *continues to be* final until in some mode of review known to the law it has been reversed; and an appeal from such a judgment does not affect the validity or effect of the judgment pending the appeal. (*Fisher* v. *Hepburn*, 48 N. Y., 41; *Sixth Ave. R. R.* v. *Gilbert Elevated R. R. Co.*, 71 id., 430.) And unless its operation be stayed by some provision of statute or some order of the court its final and operative character continues at all times pending the review. The right of the

respondents therefore to bring their action against the appellant revived immediately upon the rendition of the judgment of the District Court denying the discharge, and the statute which suspends such right of action, until the discharge is granted or denied, has reference to the judgment granting or refusing the same made, or to be made, by the District Court. We are not cited to any provision of law or rules of the court which operate to extend the suspension of the right of action beyond the final judgment denying the discharge. We think therefore the learned judge at circuit was correct in his ruling, and in directing a verdict for the respondent.

We are cited to the manuscript opinion of LAWRENCE, J., in *Rosenthal* v. *Plumb*, in which he held differently upon this question upon the authority of *Musgrave* v. *Sherwood* (76 N. Y., 194). But *Musgrave* v. *Sherwood* was determined upon the peculiarity of the proceeding sought to be had. Preliminary injunctions had been issued in the action. Upon the trial of the action at Special Term judgment was rendered dismissing the plaintiff's complaint. The plaintiff served notice of appeal and duly executed, filed and served the proper undertaking required to perfect the appeal. While such appeal was pending the defendant moved for a reference to ascertain damages under the undertakings given by plaintiff on obtaining the injunctions. These undertakings provided for the payment to the defendant of such damages as he might sustain by reason of the injunctions if the court should finally decide that the plaintiff was not entitled thereto. This court and the Court of Appeals decided that such a reference should not be ordered pending an appeal of that character where all proceedings had been stayed by reason of the appeal and the lawful undertaking given thereon. The decision is not that the judgment appealed was not to be deemed a final one until the decision of the appellate court, but goes rather upon the inconvenience of allowing, while such an appeal was pending, an interlocutory proceeding likely to subject the parties to great expense and trouble which might be wholly unavailing if the judgment should be reversed. It may be added that the judgment in that case was reversed and a new trial ordered, which would, as a matter of course, have rendered all proceedings upon such a reference wholly nugatory.

The analogy between that case and the present is not so striking in its character as to lead us to regard the decision as controlling of the question involved here.    There may, of course, be some embarrassment if the United States Circuit Court should reverse on review the judgment of the District Court in refusing the discharge.    But. in that event the appellant would undoubtedly be at liberty to make his application to the court to stay proceedings in the action or upon the judgment, if one be recovered, until the decision of the District Court upon a rehearing.

. But we do not think .that the appeal operated *per se* to prevent the effect of the final judgment of the United States District Court; and upon that point, as already stated, we think the order of the court was right. .

The judgment should be affirmed.

BRADY, J., concurred.

Present — DAVIS, P. J., BRADY and MACOMBER, JJ.

Judgment affirmed.