HERMINIGIL PREFONTAINE, RESPONDENT, *v.* FRANCIS RICHARDS AND OTHERS, APPELLANTS.

*Undertaking on injunction — when no recovery can be had upon it, until it is finally decided by the court that the party procuring it was not entitled to it.*

In 1884 the plaintiff, Prefontaine, being about to sell property belonging to the defendant Richards, under a chattel mortgage for $1,000 given by Richards to him, an action was commenced by Richards, in which he denied that he was indebted to Prefontaine on account of the mortgage, and claimed that Prefontaine was indebted to him in a large sum.

In this action Richards procured an injunction restraining Prefontaine from selling or disposing of the property, and directing that the sale under said mortgage be stayed until the further order of the court. At the time the injunction was issued the defendant Richards, as principal, and the two other defendants, as sureties, executed the undertaking upon which this action was brought, the condition of which was that Richards would pay Prefontaine all such damages, not exceeding

the sum of $250, as Prefontaine might sustain by reason of the injunction "*if the court should finally decide Richards was not entitled to it.*"

Upon the trial of the action, upon an oral stipulation of counsel that $571 were due upon the mortgage, a judgment was entered for that sum, which also directed that the injunction be, and the same was, absolutely dissolved. The amount of damages sustained by Prefontaine by reason of the injunction, having been determined by a referee, this action was brought upon the undertaking to recover the same.

*Held,* that this action could not be maintained as no decision had been made by the court which finally decided that Richards was not entitled to the injunction which he obtained.

*Johnson* v. *Elwood* (82 N. Y., 362); *Palmer* v. *Foley* (71 id., 106); *Benedict* v. *Benedict* (15 Hun, 306) followed.

APPEAL from a judgment of the County Court of Rennselaer county, entered upon the trial of this action by the county judge.

In 1884, while the plaintiff Prefontaine was attempting to foreclose a chattel mortgage for $1,000 given to him by the defendant Richards, the latter commenced an action in the county court to restrain and enjoin Prefontaine from selling or in any manner interfering with the property described in the mortgage, and for the cancellation of said mortgage, claiming that the mortgage was paid and Prefontaine was indebted to him in the sum of $923, and obtained an injunction order in the action enjoining the selling and disposing of this property and staying the chattel mortgage sale until the further order of the court.

At the time this injunction was issued, the defendants, Richards as principal and Gaffney and Draper as sureties, executed the undertaking in suit, whereby they jointly and severally undertook that Richards would pay Prefontaine all such damages, not exceeding $250, as Prefontaine might sustain by reason of the injunction, "if the court should finally decide Richards was not entitled to it." The action came on to be tried before a referee, when Richards and Prefontaine met and amicably arranged the matters in difference between them, and they then and there entered into an oral stipulation by which it was agreed that Richards was indebted to Prefontaine in the sum of $571, and that judgment might be entered in the action against Richards for that amount with costs, and it was also stipulated that the injunction should be vacated and dissolved. A judgment was thereafter entered in favor of Prefontaine and against Richards for $571 damages and $114.99 costs,

which also directed that the injunction obtained by Richards in the action be vacated and dissolved.

Upon a reference to ascertain and assess the damages sustained by Prefontaine by reason of the injunction, it was determined that the damages arising from the injunction dissolved by the judgment in said action was $272.99. Prefontaine then brought this action against Richards as principal, and Gaffney and Draper as sureties, to recover of them, on the undertaking executed by them on the issuing of the injunction, the amount of damages so ascertained as aforesaid, viz., $272.99. The action on the undertaking was tried before the judge of Rensselaer county without a jury, and the said judge found as matter of law, that the judgment in the action in which the injunction was issued and the circumstances attending that case, was equivalent to a decision that Richards was not entitled to the injunction when he obtained it, and that Prefontaine was entitled to a judgment in this action on the undertaking against Richards and his sureties Gaffney and Draper, for $272.99 damages, together with costs, and judgment was entered accordingly.

*James Lansing, Merritt & Ryan*, for the appellants.

*Robinson, Foster & Kelly*, for the respondent.

LANDON, P. J.:

The condition of the undertaking is that Richards shall pay Prefontaine " such damages not exceeding the sum of $250, as Prefontaine may sustain by reason of such injunction, if the court finally decides that the said plaintiff was not entitled thereto."

No such decision has been made. The action in which the injunction was issued was to restrain Prefontaine from selling the property mortgaged by Richards to him, to secure the payment of $1,000. Upon the trial of that action upon the oral stipulation of counsel that $571 were due upon the mortgage, judgment for that sum was directed, also that the injunction be and the same is "absolutely dissolved and vacated." As in *Johnson* v. *Elwood* (82 N. Y., 362; *Palmer* v. *Foley* ('71 id., 106); *Benedict* v. *Benedict* (15 Hun, 306), no determination has been made as to the original right of Richards to the injunction. A proper case may have existed entitling Richards to an injunction "until the further order of the court," as this

was in order to prevent the sale of property under a mortgage for $1,000, upon which only $571 were due. Who knows whether he was entitled to it or not? The court upon the trial of the case did not decide the question, and it remains open.

It is said that the judgment of the court vacating the injunction is equivalent to a decision that the plaintiff was not originally entitled to it. But we do not know that if he had not procured the injunction his property would have been sold upon a larger claim than was just, and that by means of the injunction he has been protected from threatened injury. We do not know but that the injunction was proper until the true sum due was ascertained, and that then and then only it was proper to vacate it. The defendants are liable according to the terms of their undertaking, and not otherwise. I advise a reversal of the judgment.

PARKER, J., concurred.

FISH, J. :

I was quite inclined, upon first examination of this case, and had in fact concluded that the result as found before the referee, followed by judgment, etc., was equivalent to a judgment of the court that Richards was not entitled to the injunction order at the time it was granted. Upon reflection, however, and upon a more careful reading of cases (*Johnson* v. *Elwood,* 82 N. Y., 362; *Benedict* v. *Benedict,* 15 Hun, 306), I am persuaded that the recovery herein cannot be upheld and concur with the opinion of brother LANDON in favor of reversal.

Judgment reversed, new trial granted, costs to abide event.