SWEETZER *et al.* v. SMITH *et al.*

(*Supreme Court, General Term, Third Department.* December 11, 1889.)

PRACTICE IN CIVIL CASES—DISCONTINUANCE—COSTS.

In an action to set aside an assignment and judgments confessed as in fraud of creditors, plaintiffs obtained a temporary injunction, and had a receiver appointed. Plaintiffs claimed to be contract creditors for goods sold the assignors, and as holders of the assignors' notes. Plaintiffs had, however, before the action was brought, repudiated the sale and replevied the goods, and assigned the notes. *Held,* that it was error to allow plaintiffs to discontinue without costs, on the ground that the notes had been paid, as they were not creditors, and had no excuse for suing.

Appeal from special term, Saratoga county.

For former reports, see 5 N. Y. Supp. 378, 951, *mem.*

Argued before LEARNED, P. J., and LANDON and PUTNAM, JJ.

*Charles S. Lester* and *Pond & Brackett,* for appellants.   *Jesse Stiles, (J. S. L'Amoreaux,* of counsel,) for respondents.

LEARNED, P. J.   On the 10th of December, 1888, the Smiths, defendants, executed a general assignment.   Shortly before, they confessed several judgments and executed several chattel mortgages.   The plaintiffs, claiming to be simple contract creditors of the Smiths, brought this action to have the assignment and these judgments and mortgages declared void, principally on the ground that the proceedings, as a whole, violated the statute against preferences.   They claimed to be creditors—*First,* for goods sold; *second,* as holders of two notes of the Smiths.   About December 12, 1888, the plaintiffs, learning of the alleged fraud, repudiated the sale of goods which they had made, and replevied the same.   They obtained an injunction in this action against defendant.   On a motion to continue, January 15, 1889, it was held that, having repudiated the sale of goods, the plaintiffs were no longer creditors for the price; but that the injunction should be continued, (5 N. Y. Supp. 378,) as they were creditors on the two notes.   The injunction order was reversed by the general term.   Id. 951, *mem.*   Before the commencement of this action those notes had been transferred by plaintiffs, and the same did not belong to them at the commencement of the action, and have never belonged to them since.   These two notes were secured by a mortgage given by the Smiths, December 10, 1888, to the indorser of one of the notes, which mortgage was one of those which the plaintiffs in this action attack.   A receiver was appointed, and the property was sold, and the avails were to await the decision of the court.   Such avails appear to be still in his hands.   A demurrer was interposed by some of the defendants, and was overruled.   An appeal from the order overruling is pending.   The other defendants have answered.   The plaintiffs say that the two notes, as they are informed, have been paid.   It does not appear whether or not they were paid by the indorsers, nor is it averred that they were paid to plaintiffs.   Each of the notes had an indorser, who, as above stated, was secured by one of the mortgages.   The plaintiffs obtained leave to discontinue without costs.   The defendants appeal.

Of course, the question is largely one of discretion in the special term.   But there are some considerations which we think must have been overlooked.   This is not a case of diligence between creditors in which plaintiffs have failed.   They were not creditors.   Having repudiated the sale of goods, they were no longer creditors for the price.   Having assigned the two notes, they were not creditors for the notes.   And, besides, these very notes which plaintiffs had thus assigned had been secured by one of these chattel mortgages to an indorser, which the plaintiffs were by this action attempting to set aside.   Now, whether that mortgage, under the circumstances, was valid or not, it did not injure the plaintiffs.   In fact, it benefited them, as it tended to secure them against liability on their subsequent indorsement of the notes.   So that we have the anomalous position of plaintiffs who are not creditors of the assignor bringing an action to set aside mortgages which do not injure them, and one of which is for their indirect benefit.   And the plaintiffs knew at the commencement of the action that they did not own the notes, and at the continuance of the injunction that they were not creditors on the sale of the goods.   They claim now that as the notes have been paid they have ceased to be creditors.   But they were not creditors when they began the action.   And it does not appear how the notes have since been paid.   It may be under the very mortgage they seek to set aside.   Furthermore, the accounts of the receiver have not been passed.

Again, when a plaintiff has obtained an injunction, and thus has caused probably some injury to the defendant, we think that the court should be cautious in permitting a discontinuance without costs.   In this very case the

injunction probably led to the necessity of appointing a receiver, and hence to the loss occasioned by his fees and expenses.

Again, the discontinuance is not a final determination that plaintiff was not entitled to the injunction. *Johnson* v. *Elwood*, 82 N. Y. 362; *Palmer* v. *Foley*, 71 N. Y. 106; *Prefontaine* v. *Richards*, 47 Hun, 418. Therefore to permit plaintiff to discontinue would deprive defendants of remedy on the undertaking. It seems to follow that the plaintiffs were without legal excuse for their action, and hence should not escape from it without costs. The learned judge below seemed to think that the circumstances were such as to entitle the plaintiffs to the sympathy of the court in their hard fortune. We are willing to indorse his view so far as to limit the costs to a single bill, without expansion for extra allowance. But the plaintiffs ought not to be relieved from the undertaking they gave in order to procure the injunction; and, to remove any doubt as to the defendants' right to a remedy upon the undertaking, the order of discontinuance should embrace an order deciding that the plaintiffs were not entitled to the injunction, and also appointing a referee to ascertain the defendants' damages. As the receiver's proceedings should not be prejudiced by the discontinuance, and his accounts should be settled, the order should contain a provision that the same referee settle and pass his accounts. The defendants should have costs of this appeal.

To give effect to the above views our order is: Order reversed, with costs, unless the plaintiffs shall, within 10 days after service of a copy of this order, stipulate to a modification of the order appealed from, in accordance with the opinion, in which case the order appealed from is modified accordingly. The modified order to be settled by LANDON, J., and to stand as the final order upon this appeal. All concur.