Present — VAN BRUNT, P. J., O'BRIEN and INGRAHAM, JJ.

Judgment affirmed, with costs.

---

THE APOLLINARIS COMPANY (LIMITED), APPELLANT, *v.* GEORGE W. VENABLES AND ANOTHER, RESPONDENTS.

*Injunction — an action to restrain the infringement of a trade-mark — decision that the plaintiff was not entitled to an injunction — reference to assess damages.*

A foreign corporation brought an action, in which an injunction issued to restrain a firm from using certain labels which infringed, as was alleged, upon trade-marks belonging to the corporation.

In this action a final judgment was entered dissolving the injunction and dismissing the complaint.

*Held,* that as the injunction was the gravamen of the action, and not auxiliary to it,. the decision relative to the preliminary injunction and the dismissal of the complaint was a final decision that the corporation was not entitled to any injunction. That the court, therefore, had jurisdiction to appoint a referee to ascertain the damages sustained by the firm from the injunction, and that the sureties upon the undertaking were bound by such action.

APPEAL by the plaintiff, The Apollinaris Company (Limited), from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 3d day of February, 1892, appointing a referee to ascertain the damages sustained by the defendants by reason of an injunction granted in the action.

*H. Melville,* for the appellant.

*I. A. Englehart,* for the respondents.

PER CURIAM:

The appellant, a foreign corporation, brought this action to restrain the respondents from using certain labels which the complaint alleged infringed upon its trade-mark rights. On motion of the plaintiff a preliminary injunction was issued and subsequently an order was made dissolving the injunction and dismissing the complaint, and a final judgment was entered dissolving such injunction and adjudging that the complaint be dismissed, with costs. Thereupon this motion was made and granted.

It is urged that the court had no power to grant this motion because there had been no decision as to the plaintiff's rights at the time the injunction was granted, and our attention is called to the cases of *Palmer* v. *Foley* (71 N. Y., 106); *Musgrave* v. *Sherwood* (76 id., 194); *Benedict* v. *Benedict* (Id., 600); *Johnson* v. *Elwood* (82 id., 365) and *Delafield* v. *Commercial Telegram Company* (22 Abb. N. C., 450). But it will be observed upon an examination of those cases that they have no application to the state of facts presented by the record upon this appeal.

It appears that the gravamen of the action was the plaintiff's right to an injunction, and that the preliminary injunction was granted upon the theory that the plaintiff had a good cause of action for a permanent injunction as against the defendants. It was not auxiliary to the cause of action declared upon in the complaint, but, as already stated, *was* the cause of action. The action was instituted

for the purpose of obtaining this permanent injunction. When, therefore, by the judgment of the court, the preliminary injunction was dissolved and the complaint dismissed it was an adjudication by the court that the plaintiff had no right to maintain this action for an injunction. And it was, therefore, an adjudication that as the preliminary injunction depended upon the right to maintain the action for a permanent injunction, no right to the preliminary injunction ever existed.

It would seem, therefore, that the order was properly made and should be affirmed, with ten dollars costs and disbursements.

Present — VAN BRUNT, P. J., O'BRIEN and INGRAHAM, JJ.

Order affirmed, with ten dollars costs and disbursements.