same reason the plaintiff should have been afforded an opportunity to amend.

The judgment appealed from, therefore, should be modified, by striking out the words which appear therein, "on the merits," without costs to either party, and inserting a provision permitting the plaintiff to serve an amended complaint within 20 days after the entry of the order of modification and service of notice thereof on defendant's attorney, and on payment of the costs in the court below.    All concur.

(118 App. Div. 190)

### BROWN v. UTOPIA LAND CO. et al.

(Supreme Court, Appellate Division, First Department.    March 8, 1907.)

1. INJUNCTION—DISSOLUTION—DAMAGES FROM ISSUANCE—ASSESSMENT OF—NECESSITY OF FINAL JUDGMENT.

On the dissolution of a preliminary injunction, a referee should not be appointed to assess damages by reason of such injunction until after determination by final judgment that plaintiff was not entitled to such injunction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 400.]

2. SAME—FINALITY OF DETERMINATION.

In a suit for an accounting and for other equitable relief, a judgment, entered on default, sustaining a demurrer to the complaint, was such a final determination as would justify the granting of an order of reference to assess damages sustained by defendant by granting of preliminary injunction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 400.]

8. SAME.

An interlocutory judgment sustaining a demurrer to a complaint in a suit for an accounting and for other equitable relief, which was resettled by stating that it was made after hearing counsel for plaintiff as well as for defendant, and that plaintiff had appealed from the judgment, was not such a final determination as would justify an order of reference to assess damages sustained by defendant by a preliminary injunction; and such an order should be vacated, without prejudice to a renewal after the final determination.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 400.]

Appeal from Special Term, New York County.

Action by Harry Brown, on behalf of himself and of parties individually so situated, against the Utopia Land Company, impleaded with others.    From an order appointing a referee to ascertain damages sustained by defendant caused by an injunction, and directing the surety company on the undertaking to pay the amount found due, and from so much of the order as denies plaintiff's motion to vacate said order of reference, plaintiff appeals.    Modified.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and SCOTT, JJ.

Emanuel Hertz, for appellant.

Emanuel Jacobus, for respondents.

INGRAHAM, J.    This action was commenced to require the individual defendants to account for their conduct as officers of the defendant Utopia Land Company and to annul an annual meeting of the

corporation. At the commencement of the action the plaintiff obtained an injunction restraining the defendants, and each of them, from all acts, including the annual election of officers or the removal of the present officers and directors from office, with an order to show cause why an injunction should not be continued during the pendency of the action. Upon the return of this order to show cause on February 15, 1906, the motion for an injunction was denied, without prejudice to the right to renew upon further papers; and the order to show cause was vacated and set aside. On May 29, 1906, the defendant corporation interposed a demurrer to the complaint, and the issue raised by this demurrer was heard by the Special Term on the 2d of October, 1906; and on October 16, 1906, the demurrer was sustained, and judgment was entered thereon dismissing the complaint as to such corporation on the merits. 103 N. Y. Supp. 50. The plaintiff was not given leave to amend the complaint; the interlocutory judgment reciting that it was entered on plaintiff's default. Whereupon the defendant corporation moved for an order of reference to ascertain the damages sustained by the defendant corporation by reason of the injunction, which had been vacated. The plaintiff opposed the motion, claiming that it could not be granted until the final determination of the action. The motion was granted, and a referee appointed. Subsequently the plaintiff made a motion for a reargument of that motion, and to vacate the order appointing the referee upon additional papers submitted; the fact then appearing that the judgment of the Special Term sustaining the demurrer had been resettled, so as to recite that both parties had been heard upon the issues of law raised by the demurrer and the demurrer had been sustained, and that an appeal had been taken from the interlocutory judgment. This application for a reargument seems to have been granted, although no order was entered granting it, and the motion was thereupon reargued before the justice who had granted the original motion, upon the new papers presented, whereupon he denied the motion for a reargument and denied the motion to vacate the order of reference, and the plaintiff appealed both from the original order of reference and from the order denying the motion to vacate the order of reference.

It seems to be settled that the undertaking cannot be enforced until the action is finally determined. In Williams v. Montgomery, 148 N. Y. 519, 43 N. E. 57, the Court of Appeals reviewed the judgment appealed from, in order to determine whether or not the plaintiff was entitled to the preliminary injunction at the time it was granted, so that the question as to the liability of the sureties upon the undertaking should not be foreclosed by the final judgment, which simply dismissed the complaint upon the ground that the time within which equitable relief could be granted had expired, and that in consequence of such lapse of time the plaintiff's remedy was solely at law to recover damages. It is stated in the statement of facts that the preliminary injunction was vacated, and the General Term had affirmed the order vacating it; but it was held that the right to enforce the undertaking depended on the right of the plaintiff to equitable relief at the commencement of the action. In Johnson v. Elwood, 82 N. Y. 362, it appeared that before the injunction was vacated or dissolved the de-

fendant died. The injunction was subsequently dissolved by a stipu-
lation upon the termination of another suit, and the action never was
revived; that subsequent to the death of the defendant, on motion of
his administratrix, the plaintiff was required to elect whether he
would continue the action against her by a supplemental complaint.
As the plaintiff did not elect to continue the action, it was on motion
discontinued, without costs to either party, and a judgment of dis-
continuance was entered accordingly. It was held that there was no
final decision that the plaintiff was not entitled to the injunction, and
the order of reference could not be granted. In Musgrove v. Sher-
wood, 76 N. Y. 194, the injunction was continued until the trial,
when the complaint was dismissed; but from that judgment dismiss-
ing the complaint the plaintiff appealed. It was held that until the
determination of the appeal there was no final decision that the plaintiff
was not entitled to the injunction. In deciding that case the court
said:

"The decision of the Special Term, if allowed to stand, was a determination
of the case. But, when an appeal was perfected by the execution of the bond
required by the Code, the final decision was postponed until that appeal was de-
cided. In the meantime, the defendant has no claim to an order of reference
to assess the damages."

In New York Security & Trust Co. v. Lipman, 83 Hun, 569, 32
N. Y. Supp. 65, a temporary injunction was granted, from which an
appeal was taken by the defendant. The order granting the injunc-
tion was reversed, and the reversal was sustained by the Court of
Appeals. Subsequently a judgment in favor of the plaintiff, perma-
nently enjoining the defendant from proceeding further against the
plaintiff, was entered. The effect of the order of the Special Term,
vacating the temporary injunction affirmed by the Court of Appeals,
was discussed, and it was held that, as the judgment stood finally
determining that the plaintiff was entitled to an injunction, no liability
on the undertaking could arise with such judgment standing in
force and effect, because the condition of such undertaking was that
the damages were not to payable unless the court finally decided
that the plaintiff was not entitled to the injunction.

From these cases, it would appear that a referee to assess the
defendant's damages should not be appointed until by the final judg-
ment in the action it is determined that the plaintiff was not entitled
to the injunction. The interlocutory judgment sustaining the de-
murrer to the complaint is not such a final determination as would
justify the court in granting an order of reference. The motion as
originally made being based, as it was, upon a final determination of
the court sustaining the demurrer entered on default, the court was
justified in granting the order; but when that judgment was resettled,
by stating that it was made after hearing counsel for the plaintiff as
well as for the defendant, and the defendant had appealed from that
judgment, the right of the court to proceed to assess the damages
was suspended until the determination of the appeal, and the court
should then have vacated the order of reference. This, of course,
would be without prejudice to a renewal of the motion for a reference
after the action had been finally determined.

If this is the correct view, then the original order, which was appealed from, should be affirmed, with $10 costs and disbursements to the respondent; but the order denying the motion to vacate the order of reference should 'be reversed, with $10 costs and disbursements to the appellant, and the order of reference vacated, with $10 costs. All concur.