## COOK v. NATIONAL SURETY CO.   (No. 7865.)

(Supreme Court, Appellate Division, First Department.   November 5, 1915.)

1. ARREST ⚭⟹56—IN CIVIL ACTION—EXPENSES OF TRIAL.
    In a civil action, where the arrest of the defendant is ordered, the expenses of trial, where the order is vacated, may be recovered from the sureties on the undertaking given to secure the order.
    [Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 131–140; Dec. Dig. ⚭⟹56.]

2. ARREST ⚭⟹56—UNDERTAKINGS—CONSTRUCTION.
    Where an undertaking given to obtain an order of arrest provided that if defendant should recover judgment, or it should be finally decided that plaintiff was not entitled to the order of arrest, plaintiff will pay all costs which may be awarded to defendant and all damages which he may sustain, sureties on the undertaking cannot escape payment of counsel fees on the ground that defendant had not yet discharged them.
    [Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 131–140; Dec. Dig. ⚭⟹56.]

3. ARREST ⚭⟹56—UNDERTAKING.
    In a civil action, where plaintiff obtained an order of arrest, and after judgment for defendant plaintiff appealed, the defendant cannot, before the appeal is determined, recover on the undertaking given to obtain the arrest order.
    [Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 131–140; Dec. Dig. ⚭⟹56.]

⚭⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Trial Term, New York County.

Action by George D. Cook against the National Surety Company. From a judgment for plaintiff, and an order denying new trial, defendant appeals. Reversed, and complaint dismissed, without prejudice to another action.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Stuart M. Kohn, of New York City, for appellant.
Cuthbert W. Jewell, of New York City, for respondent.

SCOTT, J. The action is upon an undertaking given to obtain an order of arrest. One Joseph G. Cushman sued plaintiff and obtained an order of arrest, giving an undertaking, executed by defendant, in which it agreed that:

"If the defendant in this action does recover judgment therein, or if it is finally decided that the plaintiff is not entitled to the order of arrest, the plaintiff in said action will pay all costs which may be awarded to the defendant and all damages which he may sustain by reason of the arrest."

The defendant in that action sought ineffectually to obtain a vacatur of the order of arrest; his motion to that effect being denied by the Special Term, and its order affirmed by this court. The action was thereafter tried. On the first trial a juror was withdrawn at the request of the plaintiff; on the second trial the jury disagreed; and on the third trial a verdict was reached, and judgment entered in favor of the defendant, the present plaintiff. Thereupon this action was begun. The plaintiff proved, and has recovered as part of his damages, what the jury found to be the reasonable amount of counsel fees incurred by him in his unsuccessful attempts to vacate the order of arrest, as well as in defending the action and procuring the judgment in his favor.

[1, 2] It is settled that, when the trial of the action is rendered necessary to dissolve an injunction or to vacate an attachment (and the same rule must apply to an order of arrest), the expenses of the trial are recoverable from the sureties on the undertaking. Tyng v. Am. Surety Co., 48 App. Div. 240, 62 N. Y. Supp. 843; s. c., 69 App. Div. 137, 74 N. Y. Supp. 502, and cases cited. It is further objected that, because plaintiff has not as yet paid his counsel all the fees claimed, he may not recover more than he has paid. The defendant's undertaking, however, was not one to indemnify, but to pay. The undertaking was that the plaintiff in the action would pay, and the implied undertaking was that, if the plaintiff did not pay, the surety company would. Under such an undertaking, the surety is liable to pay as well the damages incurred as those actually paid out. Rector of Trinity Church v. Higgins, 48 N. Y. 532.

[3] A more serious objection, however, arises from the circumstance, set up in the answer as a separate defense, that an appeal has been taken and is pending, undetermined, from the judgment in the action of Cushman v. Cook, upon which plaintiff relies to establish the liability of the surety company. The fact thus pleaded is not

controverted. The same question arose in Musgrave v. Sherwood, 76 N. Y. 194, which was an action upon a bond given upon an injunction. On the trial the complaint was dismissed, thus establishing that the injunction had been improperly granted. An action for damages upon the bond was met by the plea that the judgment had been appealed from and the appeal perfected as required by the Code. It was held that, until the appeal had been determined, it could not be said that there was a final determination of the action, and consequently no final determination that the injunction had not been properly issued; hence that the action for damages was premature. To the same effect is Brown v. Utopia Land Co., 118 App. Div. 190, 103 N. Y. Supp. 53, in which the authorities on the subject are collated and discussed.

It is true that in Musgrave v. Sherwood it is stated that an undertaking on appeal had been given; but this circumstance does not appear to have borne weight in the decision. The controlling fact is that, so long as the appeal from the judgment is pending, it has not finally been determined that the order of arrest was not properly granted. In other words, it is the finality of the determination that establishes the surety's liability. If an undertaking is necessary to perfect an appeal, then it must be alleged that such an undertaking has been given. No undertaking is necessary, however, to perfect an appeal to this court from the Trial Term, and the only effect of such an undertaking, if given, would be to stay the execution of the judgment appealed from. It would have no bearing upon the condition of the surety's undertaking.

The inconvenience of any other rule would be very great, for it might happen, as indeed it has happened in this case, that a judgment would be recovered against the surety before the appeal from the judgment had been argued, and thus before it was finally determined that the order of arrest should not have issued.

It follows that the judgment and order appealed from must be reversed, with costs, and the complaint dismissed, with costs. This, of course, will not prejudice a new action, if and when it shall be finally determined that the order of arrest should not have been issued. Order filed. All concur.