(93 Misc. Rep. 321)

### PESCHMANNS v. NATIONAL SURETY CO.

(Supreme Court, Special Term, New York County. January, 1916.)

PRINCIPAL AND SURETY ⬅76—ACTION ON BOND—DEFENSE—APPEAL PENDING.
  In an action on a surety company's undertaking conditioned "that if any judgment is rendered herein against the defendant, and an execution issued therein is returned wholly or partly unsatisfied, it will pay the amount of said judgment or the portion thereof remaining unsatisfied, not exceeding the sum of $6,000," it was no defense that an appeal had been taken and perfected from the judgment mentioned in the undertaking.

  [Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 122; Dec. Dig. ⬅76.]

Action by August Peschmanns against the National Surety Company. On motion for judgment on the pleadings. Motion granted. Order affirmed, 158 N. Y. Supp. 1127.

Robert L. Turk, of New York City, for plaintiff.
Hayes & Kerngood, of New York City, for defendant.

FORD, J. This is a motion for judgment on the pleadings. The defendant surety company gave an undertaking in another action conditioned:

"That if any judgment is rendered herein against the defendant, and an execution issued therein is returned wholly or partly unsatisfied, it will pay the amount of said judgment or the portion thereof remaining unsatisfied, not exceeding the sum of six thousand ($6,000.00) dollars."

The surety company admits the performance of all the conditions precedent of its liability—its denials are palpably frivolous—except

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that it alleges as an affirmative defense that an appeal has been taken and perfected from the judgment which it is now called upon to pay. It seems to me that we need not pass from the express language of the undertaking, giving to it its plain ordinary meaning, in order to determine that the affirmative defense is insufficient in law. The court should not read into it any provision that is not expressed. On the contrary, the language should be strictly construed, in case of doubt or ambiguity against the company. It is a matter of common knowledge that the business of furnishing surety bonds and undertakings has grown to vast proportions and that they are in use by lawyers and litigants every day in the courts. It is a business transacted under the insurance law of the state and the bonds and undertakings dealt in are essentially a species of policies of insurance. The public interest requires that such construction be placed upon them as will protect the public which purchases them by the thousands and that means that the companies which issue them should be held to the plain, ordinary, everyday meaning of their language.

The surety company seems to rely mainly upon Cook v. National Surety Co., 169 App. Div. 656, 155 N. Y. Supp. 493, but in that case the language of the undertaking was different in that it provided for payment only after a final decision. Similar language was in the undertaking considered in the case of Williams v. Montgomery, 148 N. Y. 519, 43 N. E. 57, which was cited by Mr. Justice Ingraham as authority for the decision in Brown v. Utopia Land Co., 118 App. Div. 190, 103 N. Y. Supp. 53. The opening paragraph of the per curiam opinion in Musgrave v. Sherwood, 76 N. Y. 194, cited in the Cook Case, states that the undertakings construed by that decision both provided that liability would accrue only in case "the court should finally decide that the plaintiff was not entitled" to the injunction. Those decisions merely give to the language of the obligations involved their plain, ordinary meaning. But in the undertaking here there is a clear promise to pay the judgment obtained, and the surety company should be held to it. The motion will therefore be granted.

Motion granted.